Judge Logan
delivered the opinion of the court.
This was an action of trespass for forcibly entering th$ barge of the plaintiff, and taking possession of sundry articles therein.
The only question deemed material to determine is, upon the competency of the evidence admitted in behalf of the plaintiff, to which exceptions were taken. A paper in the hand writing of the witness, containing various enumerated articles, with the estimated damage of the witness annexed, was introduced and admitted in evidence. ;
The witness recollected that the articles had beeii examined by him, and infers from his having stated it in the writing, that the damage was as therein expressed; but that he thought he could not,.without seeing that statement, have recollected the damage annexed, although he recollected that the articles were injured.
There is no doubt that a witness may refresh or assist Ins memory, by adverting to a memorandum; and if he can then, from recollection, swear to the truth of the fact, such is'admissible. But if he cannot, frpm recollect!0n’ sPea^ °f !‘le fact further than as staled in the writing; if he cannot thereby bring his mind to recognise the fact *189 from recollection, and the circumstances under which the memorandum was made, but determines onlv from the fact of statement in his own writing, his testimony is not admissible; for as the statement was made not on oath; so if the fact as stated cannot be recollected when the witness deposes, the evidence is held as incompetent. See Philips' Evidence, 208; and M’Cleland vs. Crawford, 2 Bibb, 336. From the doctrine thus recognized, the writing in ther pesent case was clearly inadmissible; and for this reason the judgment must be reversed with cost, and the cause remanded for further proceedings.
Haggin and Hardin for appellant, Littcll for appellee.
Several other errors have been assigned; but from the imperfect state in which the questions, if tenable at all, have been presented by the bills of exceptions, we have supposed them unavailing.